UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RONALD C. ROBERTSON                                                                PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 1:14CV53-RHW

CAROLYN W. COLVIN
COMMISSIONER, UNITED STATES
SOCIAL SECURITY ADMINISTRATION                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff/Claimant Ronald C. Robertson's motion for summary judgment in which he requests that the decision of the Commissioner of Social Security be reversed and/or the matter remanded for further consideration. Doc. [9]. On August 2, 2010, Robertson filed an application for Disability Insurance Benefits. Doc. [8] at 133-39. Robertson was 46 years old at the alleged date of disability as amended (July 29, 2010). *Id.* at 61. He alleged disability based on knee problems (including surgeries on both knees), hypertension, and acid reflux. *Id.* at 164.

The Social Security Administration denied Robertson's claim at the initial level, prompting Robertson to request a hearing before an administrative law judge (ALJ). *Id.* at 107-08. The ALJ conducted a hearing on June 27, 2012, and issued a decision on July 13, 2012, finding that Robertson was not disabled. *Id*. at 15-23. The Appeals Council denied his request for review on January 6, 2014. *Id.* at 15-23 & 57-106. Robertson then filed the instant lawsuit seeking review of the Commissioner's decision. Doc. [1]. On February 2, 2015, the parties consented to jurisdiction before a United States Magistrate Judge. Doc. [13]. In his motion for summary judgment, Robertson argues that (1) the ALJ's RFC and step 5 finding is not based

upon substantial evidence because the ALJ failed to consider important evidence of record; (2) the ALJ failed to give due consideration to medical opinion evidence from a treating physician; and (3) the ALJ failed to evaluate credibility properly.  Doc. [9].

## Law and Analysis

### Standard of Review

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence.  *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).  If the court determines the Commissioner's decision to be supported by substantial evidence, then the findings are conclusive and the court must affirm the decision.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also* 42 U.S.C. § 405(g).  This standard requires supporting evidence that is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court is not permitted to "reweigh the evidence in the record, nor try any issues *de novo*, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision."  *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988).  "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'"  *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).  While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language.

*Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration (SSA) utilizes a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a), § 404.920(a). Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id.*

### Residual Functional Capacity

Robertson's appeal focuses on the residual functional capacity (RFC) assigned to him by the ALJ. The Court finds that there is evidence in the record that supports the ALJ's RFC. Specifically, the ALJ relied on the opinions of Dr. Harold Todd Coulter, a consulting physician, and Dr. Carol Kossman, a state agency reviewing physician. Doc. [8] at 20-21. However, in his

3

motion for summary judgment Robertson argues that the ALJ ignored certain medical records and opinions when assigning the RFC.  Of special significance, he argues that the ALJ failed to take into consideration the opinion of treating physician Dr. Andre J. Fontana, who on July 16, 2004, assigned Robertson with permanent restrictions.  Moreover, he argues that the consulting physician, Dr. Coulter, did not review earlier medical records and opinions, including those of Dr. Fontana, thereby calling into question the ALJ's reliance on Dr. Couter's opinion.  Robertson also argues that the ALJ failed to take into consideration limitations imposed by Fox Medical Clinic limiting Robertson to no work in the sun or in high temperatures.  Robertson further asserts that the ALJ failed to evaluate his credibility properly with regard to his limitations.

At the heart of Robertson's motion is his assertion that the ALJ failed to consider the opinion of a treating physician as it relates to Robertson's RFC.  The opinion of a treating physician is to be given controlling weight if the opinion is well-supported by clinical and laboratory findings and is not inconsistent with other substantial evidence in the record.  20 C.F.R. 404.1527(d)(2); *Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005).  The ALJ may accord lesser weight to a treating physician's opinion for good cause, such as where the treating physician's opinion is conclusory, not credible, or unsupported by objective medical evidence or clinical laboratory findings.  *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).  "Absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)." *Id.* at 453 (emphasis in the original).  The criteria for assessing a treating physician's opinion as required by 20 C.F.R. § 404.1527(d)(2) are: (1) the physician's length of

treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician.

The ALJ is free to assign little or no weight to the opinion of any physician for good cause. *Newton*, 209 F.3d at 455-56. A treating physician's opinion may be rejected when the evidence supports a contrary conclusion. *Martinez*, 64 F.3d at 176. "If the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence form the treating physician". *Newton*, 209 F.3d at 453.

The Social Security Regulations place an affirmative duty on the ALJ to weigh every opinion within the record. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). Specifically, the Regulations state "regardless of its source, we will evaluate every medical opinion we receive." 20 C.F.R. § 404.1527(c). However, the ALJ is entitled to determine the credibility of medical experts and weigh their opinions accordingly. *Greenspan*, 38 F.3d at 237. While the ultimate issue of disability is reserved to the ALJ, he must consider all medical opinions. *See* 20 C.F.R. 404.1527. Here, ALJ's decision does not appear to evaluate, consider, or explain the weight given to Dr. Andre Fontana's opinion. The decision is simply silent as to Dr. Fontana's opinion.

Violation of a regulation may constitute error and establish a basis for reversal of the agency action and remand unless a reviewing court finds that the error is harmless. *See Frank v.*

5

*Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). Harmless error exists when it is inconceivable that a different administration conclusion would have been reached absent the error. *Id.* The claimant must establish that the ALJ erred and that the ALJ's error casts into doubt the existence of substantial evidence to support the ALJ's decision. *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). The ALJ's failure to discuss a physician's opinion constitutes harmless error where the ALJ attributes limitations consistent with the doctor's opinion. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535-36 (6th Cir. 2001). However, a reviewing court cannot properly find that an administrative decision is supported by substantial evidence when the ALJ reached his or her conclusion by focusing upon one aspect of the evidence and ignoring other parts of the record. *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986).

    The ALJ relied heavily on the opinion of Dr. Coulter, who conducted a consultative examination on October 8, 2010. Doc. [8] at 282-86. Dr. Coulter's report indicates that the only past medical records reviewed were those of Victory Health Center. *Id.* at 282. In other words, Dr. Coulter apparently did not review Dr. Fontana's records and opinions, nor the treatment records of Dr. Michael L. Granberry who examined Plainitff for a second opinion at Dr. Fontana's request. The ALJ makes no mention of Dr. Fontana's treatment or medical opinion. Dr. Fontana treated Robertson for his knee from 2002 through 2005, and performed surgery on Robertson's right knee. He imposed permanent work restrictions. Although the ALJ stated in his decision that he considered the entire record, the ALJ failed to discuss the treatment records and restrictions of Robertson's treating physician and did not discuss what weight, if any, he gave to the treating physician's opinion. The Court finds that such an oversight constitutes error. The question before this Court is whether it is inconceivable that a different administrative conclusion

6

would have been reached if the ALJ had considered Dr. Fontana's opinion.  *See Frank*, 326 F.3d at 622.  In other words, did the ALJ's oversight constitutes harmless error?

In his report of July 16, 2004, Dr. Fontana opined that Robertson could return to work but with permanent restrictions of no lifting from the floor, no crawling, occasional lifting of up to 15 pounds, and walking and standing up to two hours total with breaks.  Doc. [8] at 334.  By comparison the ALJ concluded that Robertson had a full range of sedentary work with non-exertional limitations that include limited walking (a maximum of 50 feet at a time) and a sit/stand option but with primarily a sitting job.  Robertson could sit for up to two hours at a time; could stand five minutes at a time; and could sit and stand a total of eight hours a day.  He would require occasional bending and stooping, no kneeling and no climbing.  *Id.* at 18.  Although the ALJ's RFC is consistent with Dr. Fontana's restrictions in many important respects, there are at least two discrepancies.  Dr. Fontana indicated that Robertson should do no lifting from the floor and no crawling.  While these additional restrictions may not result in a finding of disability, the Court is unable to draw such a conclusion based on the record and arguments now before it.

The Court cannot conclude that the ALJ's failure to consider and discuss the treatment records and permanent restrictions imposed by Dr. Fontana is harmless error.  However, the undersigned makes no finding as to the weight that should be accorded to Dr. Fontana's opinion, nor whether consideration of Dr. Fontana's opinion would result in the ALJ reaching a different conclusion.  Nor does the Court make any findings regarding Robertson's credibility as it relates to Dr. Fontana's treatment records or any other medical evidence of record.

The Court does find that the ALJ's failure to address the environmental restrictions

outlined in the Fox Medical Clinic records constitutes harmless error.  *See* doc. [8] at 320.  As noted by the Commissioner, the ALJ identified jobs within Robertson's RFC that do not include exposure to extreme heat.  Doc. [11] at 9-10.  Robertson does not dispute this characterization in his reply/rebuttal.  *See* doc. [12].

IT IS ORDERED AND ADJUDGED that Plaintiff's [9] Motion for Summary Judgment is GRANTED to the extent that the case is remanded to the Commissioner for further consideration based on the provisions outlined in this Order.

SO ORDERED, this the 6th day of April, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE